STEPHEN FLANAGAN et al. *vs.* JAMES JEROME.

If the judgment of a justice of the peace in an attachment case is removed to the Circuit or Supreme Court and reversed, and the record remitted to the justice to proceed according to law, the justice cannot re-try the case. He has no authority to proceed in the case after reversal.

*Certiorari* in matter of attachment.

BROWN, J. This cause was commenced by Jerome, before a justice of the peace, by attachment. The defendants gave bond, and appeared in the case. Judgment was given against them. They removed the cause by *certiorari* to the Circuit Court of the county, and judgment was reversed, and the record remitted to the justice to proceed according to law. He gave notice to defendants, tried the cause in their absence, and gave judgment against them again. This was not proceeding according to law. Indeed, there was no proceeding a justice could take in the case according to law. The jurisdiction not only, but the modes of proceeding are fixed by statute, and the statute gives no authority to proceed in any way after judgment. It is provided, by the 53d section of the attachment act, that the defendant, after filing his bond, shall file his plea, copy of account, or set-off, if any he have; and the said cause shall and may be adjourned and conducted in all things in like manner as if the same had been commenced by summons under the act entitled, " An act constituting courts for the trial of small causes." The question presented here is therefore the same as if the case had been commenced by summons under the small cause act. Under that act, it is well settled that the justice has no authority to proceed in any case. After his judgment has been removed to this court by *certiorari*, and reversed, reversal in the Circuit Court has the same effect.

Judgment reversed.